[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14190

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-20895-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE L. PACHECO,
KEITH RUSSELL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 17, 2011)

Before PRYOR and COX, Circuit Judges, and PANNELL,* District Judge.

_____

* Honorable Charles A. Pannell, Jr., United States District Judge for the Northern
District of Georgia, sitting by designation.

PANNELL, District Judge:

The main issue in this appeal is whether the district court's order striking the core of government expert Dr. Michael Wohlfeiler's testimony, along with its curative instruction that the jury disregard that testimony, was sufficient to protect Keith Russell and Jorge L. Pacheco from substantial prejudice.

Russell and Pacheco also make seven other arguments. First, Russell and Pacheco contend that there was insufficient evidence to support their convictions. Second, Russell argues that the district court improperly denied his motion to admit polygraph evidence on the ground that it was untimely. Third, Russell and Pacheco contend that the improper lay opinions of government witness Tony Marrero were inadmissible and usurped the role of the jury as to the finding of guilt or innocence. Fourth, Russell and Pacheco argue that the government failed to disclose evidence in violation of the Due Process Clause of the Fifth Amendment. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Fifth, Pacheco contends that the district court improperly provided the jury with a Pinkerton instruction and improperly declined to instruct the jury as to one aspect of his theory of defense. *See Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Sixth, Russell and Pacheco argue that there

2

were cumulative errors which denied them the right to a fair trial. Seventh, Russell and Pacheco contend that the district court abused its discretion by the sentences it imposed upon them. These arguments lack merit and require no further discussion by the court. We affirm the convictions and the sentences.

## I. Background

In 2008, a federal grand jury in the Southern District of Florida returned a sixteen-count indictment, charging Keith Russell, Jorge L. Pacheco, Juan ("Tony") Marrero, Orlando Pascual, Belkis Marrero, David Rothman, Luz Borrego, and Eda Milanes with health care fraud conspiracy in violation of 18 U.S.C. § 1349. Russell, Pacheco, Tony Marrero, Belkis Marrero, Pascual, and Milanes were also charged with substantive counts of health care fraud that involved submitting fraudulent claims for purported services to specified Medicare beneficiaries, in violation of 18 U.S.C. §§ 1347 and 2. The remaining counts variously charged the co-defendants, but not the appellants, with similar counts of health care fraud, money laundering, and money laundering conspiracy. The indictment further sought criminal forfeiture against the appellants and the co-defendants in the amount of $2,511,387. Russell and Pacheco, along with co-defendants Rothman and Milanes, went to trial before a jury.

At trial, the government presented testimony from its expert, Dr. Michael

Wolhfeiler. Wohlfeiler was shown summary charts of medications purportedly administered to patients at the health care clinics at issue in this case. Wohlfeiler opined over the appellants' continuing objection that treating HIV/AIDS and its complicating conditions with the listed medications was neither medically necessary nor appropriate and in some instances possibly dangerous, except with regard to a couple of the medications that might be used in extremely rare instances. Throughout an evidentiary hearing prior to trial and at trial, Russell and Pacheco objected to Wohlfeiler's expert testimony, stating that the applicable standard for judging whether prescribed treatments for HIV/AIDS should be approved was defined by the local government contracting entities that administered the Medicare program. Those standards were set forth as "Local Medical Review Policy (LMRP) and Local Coverage Determinations (LCD)," which authorized and paid for the use of the medications in certain therapeutic circumstances, as certified by the medical provider.

The district court admitted Wohlfeiler's testimony. Nonetheless, after hearing his trial testimony, the district court voiced doubts about its specific relevance. Ultimately, the district court struck Wohlfeiler's testimony with regard to the medications prescribed for the treatment of HIV/AIDS and instructed the jury to disregard it in its deliberations.

The jury found Russell and Pacheco guilty as charged. The district court sentenced them to 97 months of imprisonment and 36 months of supervised release and further ordered that judgments of forfeiture be entered against them in the amount of $2,511,387.

## II. Standard of Review

The district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1269-70 (11th Cir. 2008); *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007). If the district court takes a curative measure, this court will reverse only if the evidence is so prejudicial as to be incurable by that measure. *See United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998). "[E]rroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *See United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003).

## III. Discussion

Russell and Pacheco contend that Wohlfeiler's testimony was improper because the content of his testimony did not match the content of the testimony disclosed in the Daubert hearing and was wholly categorical with no deference given to the Medicare LMRP's. Wohlfeiler was qualified to serve as an expert

5

witness, the content of his testimony was sufficiently disclosed to allow Russell and Pacheco to prepare for trial, and his testimony was relevant. Even if the testimony should not have been allowed at trial, the district court's curative instruction was sufficient to cure any prejudice caused by its admission.

## IV. Conclusion

In sum, we find no reversible error in any of the issues raised by the appellants for reversing their convictions and sentences.

AFFIRMED.